IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN HURT** | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-00075-ALM-BD** |
| | § | |
| **HILLTOP HOLDINGS, INC.** | § | |

## MEMORANDUM OPINION AND ORDER

John Hurt sued Hilltop Holdings, Inc., his former employer, under several federal and state statutes and for state-law torts. Dkt. 5. He is also pursuing an appeal in another lawsuit against several Hilltop employees. *Hurt v. Garcia*, No. 25-40484 (5th Cir. Aug 6, 2025) (arising from No. 4:25-cv-00550-ALM-AGD in this court). The court will stay this case pending resolution of that appeal.

## BACKGROUND

During the district-court proceedings underlying Hurt's appeal, a magistrate judge recommended that Hurt's complaint be dismissed with prejudice. *Hurt v. Garcia*, No. 4:25-cv-00550-ALM-AGD, Dkt. 35 (E.D. Tex. June 26, 2025). Following that recommendation, Hurt filed an amended complaint. *Id.*, Dkt. 37. The district judge adopted the recommendation and dismissed Hurt's claims without addressing the amended complaint. *Id.*, Dkts. 66, 67. One of Hurt's arguments to the Fifth Circuit is that the district judge erred by not considering the amended complaint. No. 25-40484, Dkt. 27 at 6, 20. Hurt seeks a remand on that basis. *Id.*

Following a case-management conference in the present case, the court ordered the parties to file one or more notices advising it of whether this case should be stayed pending a decision in *Garcia*. Minute Entry and Docket Order (June 22, 2026). In its notice, Hilltop argued that this case should be stayed because a stay would conserve judicial resources in the event the Fifth Circuit remands *Garcia*, Hurt would not be prejudiced because his appeal is fully briefed and a stay would be of limited duration, and simultaneous proceedings would risk inconsistent rulings and duplication of discovery and motion practice. Dkt. 24. Hurt opposes a stay. He argued in his notice

that the risk of duplicative litigation is speculative and any burden imposed by this case would not go beyond the ordinary demands of litigation. Dkt. 25 at 5–7. He also offers that, if the Fifth Circuit remands *Garcia*, he will voluntarily dismiss this case and asserts that, given his willingness to dismiss any duplicative litigation, the benefits of a stay do not outweigh the costs. *Id.* at 2, 4, 8. The parties agree, however, that Hurt's amended complaint in *Garcia* overlaps with his complaint in this case on both a legal and a factual level. Dkts. 24 at 2, 25 at 2.

## LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court has broad discretion to enter a stay for good cause, *Moorehead v. Goodwill Indus. of Ne. Tex.*, No. 4:25-cv-00563-SDJ-BD, 2025 WL 3217836, at *1 (E.D. Tex. Nov. 18, 2025), and it acts within that discretion by "grant[ing] a stay when a related case with substantially similar issues is pending before a court of appeals," *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015). In determining whether to stay a case, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

## DISCUSSION

The parties agree that, if the Fifth Circuit remands *Garcia* for this court to consider Hurt's amended complaint, this case will become duplicative of *Garcia*. That creates a risk that both the parties and the court will unnecessarily expend resources in one case that should have been spent in another. It also creates a risk of inconsistent rulings, notwithstanding Hurt's contingent promise to voluntarily dismiss this case. There is a pending motion to dismiss Hurt's complaint in this case, Dkt. 11, and the parties may file other motions before the Fifth Circuit resolves *Garcia*. It is possible that this court could make a ruling before then that would cause inconvenience or would be inconsistent with how the same motion would have been resolved in *Garcia*. And even if the Fifth Circuit does not remand *Garcia*, its decision may inform the court's view of this case.

2

Any prejudice to Hurt from a stay of this case is likely to be small. Hurt notes that evidence can be lost and memories can fade over time. Dkt. 25 at 6. True enough. But *Garcia* is fully briefed and has been for more than two months. *See* No. 25-40484, Dkt. 46 (Hurt's reply brief, filed April 19, 2026). The Fifth Circuit aims to "reach a decision within 60 days after the case has been fully briefed and submitted to the court." *Clerk's Office Most Frequently Asked Questions*, U.S. Court of Appeals for the Fifth Circuit 13, available at https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/faqs/faqs.pdf. "Overall the average is about 9 months from the time the notice of appeal is filed until decision," *id.*, and it has been more than ten months since Hurt's notice of appeal was filed. Although the Fifth Circuit's preferred timelines are, of course, not guarantees, a decision in *Garcia* is likely to issue soon.

### CONCLUSION

It is **ORDERED** that:

1)  this case is **STAYED** pending a Fifth Circuit decision in *Garcia*; and

2)  within 21 days of the day that decision issues, the parties must file one or more notices advising the court of the decision and its effect on this case.

So **ORDERED** and **SIGNED** this 29th day of June, 2026.

_____
Bill Davis
United States Magistrate Judge

3